UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SHIRLEY ST. FORT-NWABUKU,
on behalf of herself and all others
similarly situated,

    Plaintiffs,

v.

**CLASS ACTION**
**JURY DEMAND**

VITAL PHARMACEUTICALS, INC., d/b/a
VPX Sports, a Florida corporation,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Shirley St. Fort-Nwabuku files this class action complaint on behalf of herself and all others similarly situated residents against Vital Pharmaceuticals, Inc., d/b/a VPX Sports, a Florida corporation ("VPX" or "Defendant"), and as grounds state:

## INTRODUCTION

1. This is a class action on behalf of consumers of "BANG," a purported sports and energy drink product manufactured and marketed by Defendant that does not contain the ingredients advertised or listed on its label that provide the effects that it advertises. Defendant has committed unfair and deceptive practices and has been unjustly enriched by marketing and selling BANG in a way that misleads consumers into believing that BANG contains ingredients that will provide the effects of these ingredients for those who purchased and consumed it.

## JURISDICTION, VENUE, AND PARTIES

2. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000.

3. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b)(2) because the Florida plaintiff resides within it, the Defendant is based within it, a substantial part of the events or omissions giving rise to the claim occurred within this district, and Defendant caused harm to class members residing in this district.

4. Defendant VPX is a Florida corporation and its principal place of business is in Weston, Florida, within this district.

5. All conditions precedent to this action have occurred, been performed, or have been waived.

## FACTUAL ALLEGATIONS

6. On its website and product labels, VPX represents that BANG consists of the highest quality "potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs (Branched Chain Amino Acids)." The labels on the cans purport to list Creatine, CoQ10, and Branched Chain Amino Acids as contained therein.

7. Defendant further represents that the Creatine is "SUPER" and the CoQ10 "ULTRA." There are insufficient or nugatory amounts of these ingredients in BANG, and BANG is incapable of delivering the promised benefits of these ingredients in the amounts contained therein.

8. VPX markets and sells BANG through a variety of flavors that each make and repeat in identical fashion the same above claims.

9. Contrary to these clear and identical product representations, BANG does not contain "SUPER" Creatine or "ULTRA" Coenzyme Q10, or the amounts contained therein are minimal. Nor does it contain the spectrum of Branched Chain Amino Acids in any "potent" amount sufficient to deliver any benefits to consumers.

10. Defendant's misrepresentations cause confusion among consumers. Consumers believe they are purchasing a sports and energy drink that will have desired ingredients yet do not contain the ingredients as marketed and labeled by Defendant.

11. Defendant knows that consumers are willing to pay more for sports and energy products that contain "SUPER" Creatine, "ULTRA" CoQ10, and Branched Chain Amino Acids, as opposed to those that do not, in part because the listed ingredients are valuable and desired for these consumers, the quality is higher, and consumers believe they are paying costs associated with higher quality "potent," "SUPER," and "ULTRA" ingredients.

12. As a result of Defendant's false, deceptive, and misleading packaging, labeling and representations, consumers such as Plaintiff are deceived when they purchase BANG in violation of state laws governing unfair and deceptive trade practices. Defendant has also been unjustly enriched as a result of its conduct.

13. As a result of these unfair and deceptive practices, Defendant has collected millions of dollars from the sale of BANG that it would not have otherwise earned. Plaintiff and class members paid money for a product that is not what it claims to be or what they bargained for. They paid a premium for BANG when they could have instead bought other, less expensive, sports and energy drinks, and consumers have lost the opportunity to purchase and consume other sports and energy drinks that do in fact contain these desired ingredients.

**Plaintiff**

14. At all relevant times, Plaintiff Shirley St. Fort-Nwabuoku resided in, and continues to reside in Broward County, Florida. During the relevant time period, Plaintiff purchased VPX's BANG in reliance of the representations contained on its labels and for the ingredients claimed to be therein. Specifically, Plaintiff purchased approximately one can of BANG every few weeks at retailers within Florida including 7-11 stores. Plaintiff has since learned that BANG does not contain the marketed and labeled ingredients, or that the amounts are de minimus. Plaintiff took into account VPX's misrepresentations in making her purchases and would not have purchased BANG had she known that VPX's representations were false. Based on Defendant's misrepresentations and deceptive conduct, Plaintiff purchased a sports and energy drink that had less value than what she paid, and he has accordingly suffered legally cognizable damages proximately caused by Defendant's misconduct.

15. Plaintiff purchased BANG in reliance of Defendant's representations regarding its "potent" ingredients as set forth above and was willing to pay a premium for BANG because of these representations, and would not have purchased, would not have paid as much for the products, or would have purchased alternative products in the absence of these representations.

**CLASS ALLEGATIONS**

16. Plaintiff brings this action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all other persons similarly situated. Plaintiff specifically seeks certification of a national class under Florida law, defined as follows:

**All consumers who purchased BANG at retail in the United States for offsite, personal, family, or household purposes and not for re-sale ("Class").**

17. Defendant subjected Plaintiff and the respective Class members to the same unfair, unlawful, and deceptive practices and harmed them in the same manner and was unjustly enriched in the same manner.

### A.     Numerosity

18. The proposed class is so numerous that joinder of all members would be impracticable. Defendant sells and distributes BANG throughout the State of Florida and across this nation, at numerous retail locations within the United States. Although the number of Class members is not presently known, it is likely to be comprised of many hundreds of thousands of consumers. The class is certainly so numerous that joinder of all members of the Class is impracticable.

### B.     Commonality

19. As outlined below, there are questions of law and fact that are common to all Plaintiff and class members' claims. These common questions predominate over any questions that go particularly to any individual member of the Class. Common questions of fact and law exist because, *inter alia*, Plaintiff and all Class members purchased BANG, consistent with its marketing and labeling as containing premium or "SUPER" Creatine, "ULTRA" CoQ10, and Branched Chain Amino Acids, and paid a premium for same. Indeed, all of Defendant's packaging and labeling for BANG is uniform throughout Florida and the United States.

20. The common questions include, but are not limited to:

   a. Whether Defendant falsely, deceptively and/or misleadingly misrepresented BANG as containing desired and valuable ingredients that it in fact did not contain, or contained in insufficient amounts to be meaningful;

   b. Whether Defendant's misrepresentations and/or omissions are likely to deceive a reasonable consumer;

5

  c. Whether Plaintiff and members of the Class were damaged by Defendant's conduct;

  d. Whether Plaintiff and members of the Class are entitled to damages;

  e. Whether Defendant violated Florida's Unfair and Deceptive Unfair Trade Practices Act;

  f. Whether and to what extent VPX has been unjustly enriched by its conduct;

  g. Whether Plaintiff and Class members are entitled to compensatory damages, including actual and statutory damages plus interest thereon and/or monetary restitution;

  h. Whether Defendant must disgorge any sums it has made as a result of its misconduct;

  i. Whether Defendant's conduct rises to the level of willfulness so as to justify punitive damages; and

  j. Whether an injunction is appropriate in order to prevent VPX from continuing to engage in unfair, deceptive and unlawful activity.

### C. Typicality

21. Plaintiff's claims are typical of the claims of the members of the Class because she purchased and consumed BANG, which was deliberately misrepresented as having valuable ingredients that it did not in fact possess. Thus, Plaintiff and all Class members sustained the same injury arising out of VPX's common course of conduct in violation of law as complained of herein. The injury of each Class member was caused directly by VPX's uniform wrongful conduct in violation of law as alleged herein. Each Class member has sustained, and will continue to sustain, damages in the same manner as Plaintiff as a result of Defendant's wrongful conduct.

### D. Adequacy of Representation

22. Plaintiff will fairly and adequately protect the interest of the members of the Classes. Plaintiff has retained competent and experienced class action attorneys to represent her interests and those of the Class. Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff has no adverse or antagonistic

interests to those of the Class. Plaintiff is willing and prepared to serve the Court and the Class members in a representative capacity, with all of the obligations and duties material thereto, and determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class members.

23. To prosecute this case, Plaintiff has chosen the undersigned law firms, which are very experienced in class action litigation and have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

### E. Requirements of Fed. R. Civ. P. 23(b)(3)

24. This action is appropriate as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

25. ***Common Questions of Law and Fact Predominate:*** The questions of law or fact common to Plaintiff and each Class member's claims predominate over any questions of law or fact affecting only individual members of the class.

### F. Superiority

26. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

    a. Joinder of all class members would create extreme hardship and inconvenience for the affected customers as they reside all across the states;

    b. Individual claims by class members are impractical because the costs to pursue individual claims exceed the value of what any one class member has at stake. As a result, individual class members have no interest in prosecuting and controlling separate actions;

    c. There are no known individual class members who are interested in individually controlling the prosecution of separate actions;

    d. The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

   e. Individual suits would not be cost effective or economically maintainable as individual actions; and

   f. The action is manageable as a class action.

27. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of these class actions that would preclude their maintenance as class actions.

### G. Requirements of Fed. R. Civ. P. 23(b)(1) & (2)

28. Prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

29. Defendant has acted or failed to act in a manner generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

30. VPX's wrongful conduct and practices, if not enjoined, will subject Class members and other members of the public to substantial continuing harm and will cause irreparable injuries to Class members and members of the public who are damaged by VPX's conduct.

## COUNT I

### UNJUST ENRICHMENT
### (Nationwide Class)

Plaintiff re-alleges and incorporates paragraphs 1 through 30 above as if fully set forth herein, and further allege as follows:

31. The Defendant received from Plaintiff and Class Members benefits in the form of inflated profits related to Defendant's misrepresentations of BANG as containing valuable and desired ingredients, when in fact BANG lacked those ingredients.

32. The Defendant acted to misled consumers into believing that BANG contained "SUPER" Creatine, Branched Chain Amino Acids, and "ULTRA" CoQ10, when in fact it did not, or lacked sufficient amounts to be meaningful or to deliver the represented effects of these ingredients.

33. The Defendant received financial benefits in the form of inflated sales and increased profits from its conduct. The source of these financial benefits is the purchase of BANG by Plaintiff and the Class while being deceived that BANG contained these valuable and desired ingredients. As a result, Plaintiff and the Class have conferred a benefit on the Defendant.

34. The Defendant had knowledge of this benefit and voluntarily accepted and retained the benefit conferred on them.

35. The Defendant will be unjustly enriched if allowed to retain the aforementioned benefits, and each class member is entitled to recover the amount by which the Defendant was unjustly enriched at his or her expense.

**WHEREFORE**, Plaintiff, on behalf of herself and all similarly situated Class members, demands an award against the Defendant in the amounts by which VPX has been unjustly enriched at Plaintiff's and the Class Members' expense, and such other relief as this Court deems just and proper.

### COUNT II

### VIOLATION OF THE FLORIDA
### DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Nationwide Class)

Plaintiff re-alleges and incorporates paragraphs 1 through 30 above as if fully set forth herein, and further alleges as follows:

36. FDUTPA, section 501.201, *et seq.*, Florida Statutes, prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204, Fla. Stat.

37. Plaintiff and the Class are "consumers" as that term is defined in section 501.203(7), Florida Statutes.

38. Plaintiff has standing to pursue this claim as she has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth above.

39. Defendant VPX has engaged in, and continues to engage in, unconscionable acts or practices and used and continues to use unfair or deceptive acts in the conduct of its trade and/or commerce in the State of Florida. Because Defendant is based in Florida and indeed in this district, the application of Florida law to its unlawful conduct on behalf of a nationwide class is appropriate and lawful.

40. VPX's business practices, as alleged herein, are "unfair" because they offend established public policy and are immoral, unethical, unscrupulous, and substantially injurious to their customers. Additionally, VPX's conduct is unfair because that conduct violated the legislatively declared policies in the FDUTPA. Defendant misled consumers into believing that its BANG product contained valuable and desired ingredients, when in fact it does not. VPX concealed this fact from consumers.

41. Furthermore, VPX's business practices, as alleged herein, are "deceptive" because they are likely to deceive consumers, including Plaintiff and members of the Class.

42. The policies, acts, and practices alleged herein were intended to result and did result in the payment of inflated prices for the purchase of BANG by Plaintiff and the Class, which in turn were intended to generate unlawful or unfair compensation for Defendant.

43. Specifically, Defendant has misled consumers into believing BANG contained "potent" Creatine, Branched Chain Amino Acids, and CoQ10, when it in fact does not. VPX took advantage of Plaintiff's trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within its BANG product.

44. Defendant's conduct of misrepresenting and mislabeling BANG to Plaintiff and consumers misled Plaintiff into believing that BANG contained these valuable and desired ingredients, and Plaintiff relied on these misrepresentations. Defendant's actions violate FDUTPA, and were conceived, devised, planned, implemented, approved, and executed within the State of Florida, which has an interest in prohibiting violations of FDUTPA.

45. In addition, the practice employed by Defendant, whereby Defendant sold, promoted and marketed that its BANG product contained ingredients that it in fact lacked constitutes a *per se* violation of FDUTPA under Section 501.203(3)(c), Fla. Stat. (2018), because it is in violation of the Florida Food Safety Act, § 500.04 (1) & (2), Fla. Stat. (2018), in that said products are misbranded.

46. Defendant's false, unlawful, and misleading product descriptions render its products misbranded under Florida law. Specifically, Section 500.04, Fla. Stat. (2018), of the Florida Food Safety Act prohibits the manufacture, sale or delivery of "misbranded food." Food is "misbranded" when "its labeling is false or misleading in any particular." § 500.11(1)(a) & (b), Fla. Stat. (2018). A food is considered mislabeled unless the proper disclosures are made "on the outside container or wrapper" on the product. § 500.03(1)(t), Fla. Stat. (2018). Misbranded products cannot be legally sold and are legally worthless.

47. Plaintiff and the Class sustained damages as a direct and proximate result of Defendant's unfair and unconscionable practices. Section 501.211(2), Fla. Stat., provides Plaintiff

and the Class a private right of action against VPX, a Florida corporation, and entitles them to recover their actual damages plus attorneys' fees and costs.

48. As a result of VPX's unfair conduct and deception, Plaintiff and members of the Class have been damaged in that they spent money on a premium-priced BANG product that they would not have otherwise spent and did not receive the value for – a product that is indeed considered worthless due to VPX's misbranding.

49. VPX's wrongful business practices alleged herein constitute a continuing course of unfair competition because VPX marketed and sold BANG in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers. Plaintiff and the Class have been damaged by Defendant's deceptive and unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had Defendant not misrepresented the product.

50. Plaintiff and the Class have suffered and will continue to suffer irreparable harm if Defendant continues to engage in such deceptive, unfair, and unreasonable practices.

**WHEREFORE,** Plaintiff, on behalf of herself and the Class, demand judgment against Defendant for compensatory damages, pre- and post-judgment interest, attorneys' fees pursuant to FDUTPA, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all similarly situated individuals, demands judgment against Defendant as follows:

(1) Declaring this action to be a proper class action maintainable pursuant to Rule 23(a) and Rule 23(b)(1) & (2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and declaring Plaintiff and her counsel to be representatives of the Class;

(2) Enjoining Defendant from continuing the acts and practices described above;

(3) Awarding damages sustained by Plaintiff and the Class as a result of the Defendant's conduct, together with pre-judgment interest;

(4) Finding that Defendant has been unjustly enriched and requiring it to refund all unjust benefits to Plaintiffs and the Class, together with pre-judgment interest;

(5) Awarding Plaintiffs and the Class costs and disbursements and reasonable allowances for the fees of Plaintiff and the Class's counsel and experts, and reimbursement of expenses;

(6) Awarding Plaintiff and the Class damages, injunctive relief, declaratory relief, attorneys' fees, and costs under FDUTPA;

(7) Awarding the Class unjust enrichment damages, injunctive relief, declaratory relief, attorneys' fees, and costs; and

(8) Awarding such other and further relief the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class requests a jury trial for any and all Counts for which a trial by jury is permitted by law.

Dated:   November 19, 2018

                    Respectfully submitted,

                    _s/_  Lance A. Harke
Lance A. Harke, Esq.
lharke@harkelaw.com
Florida Bar No. 863599
Tammi A. Calarco, Esq.
tcalarco@harkelaw.com
Florida Bar No. 121788
**HARKE LAW LLP**
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone:  (305) 536-8220
Facsimile:  (305) 536-8229

Ben Barnow, Esq.
*Motion for Pro Hac to be Filed*
Erich P. Schork, Esq.
*Motion for Pro Hac to be Filed*
BARNOW AND ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone:  (312) 621-2000
Facsimile:  (312) 641-5504
b.barnow@barnowlaw.com
e.schork@barnowlaw.com

*Counsel for Plaintiff*